Filing # 121624443 E-Filed 02/18/2021 11:38:02 AM

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL DISTRICT**
**IN AND FOR DUVAL COUNTY, FLORIDA**
**CIVIL DIVISION**

**MICHAEL RAIA**

      **Plaintiff,**

                                     **Case No:**

**v.**

**CIS CLAIM SERVICES, LLC**

      **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1.     Plaintiff was employed by Defendant, and brings this action for unpaid wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA") and the Florida Civil Rights Act of 1992.

2.     Plaintiff worked for Defendant as a non-exempt clerical employee. As a non-exempt "Adjuster II", Plaintiff performed routine office functions, such as speaking on the phone, word processing, document review, and following the orders of his direct supervisor. Plaintiff was a clerical employee.

3.     Defendant owns and operates a business known as CIS Claims Services, LLC in Duval County, Florida.

4.     Defendant employed Plaintiff in Duval County, Florida.

5.     All events leading to this action occurred in Duval County, Florida.

6.     Plaintiff was paid on an hourly basis at a rate of $45.

7.     Plaintiff's overtime rate was $67.50.

8.     Plaintiff was not paid at least one-and-one-half times his regular rate for all overtime hours worked for Defendant.

1

9.    Plaintiff was not paid premium overtime wages for all of the hours he worked beyond 40 in a single workweek.

10.    Plaintiff was engaged by Defendant to work as a non-exempt clerical worker during the three (3) years prior to the initiation of this lawsuit.

11.    Defendant owns and operates a for-profit organization known as "CIS Group"

12.    Defendant engaged in an illegal policy of requiring Plaintiff to work more than 40 hours in a single workweek and did not allow Plaintiff to properly record all of his hours worked.

13.    Specifically, Defendant intentionally circumvented the mandate of the FLSA by not paying Plaintiff one- and one-half times his regular rate for all hours worked beyond 40 in a single workweek.

14.    Plaintiff routinely worked more than 40 hours in a single workweek at Defendant's specific instruction.

15.    Defendant attempted to circumvent the FLSA by compensating Plaintiff on a daily rate basis and not accounting for the total hours worked by Defendant in a single workweek.

16.    Plaintiff worked more than 40 hours per workweek during virtually every week of his employment. Additionally, Plaintiff performed the overtime work in full view of Defendant in an open and obvious manner.

17.    Plaintiff desired to be paid for all hours he spent working, including lunch hours when he worked through lunch.

18.    Defendant engaged in the illegal practice of requiring Plaintiff to work more than 40 hours in a single workweek and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

19.     Defendant refused, failed, and or neglected to pay Plaintiff overtime wages in an effort to save money at Plaintiff's expense.

20.     Defendant engaged in the aforementioned illegal practices throughout the entirety of Plaintiff's employment. Defendant's illegal practices affected each week of Plaintiff' employment.

21.     Plaintiff routinely worked more than 40 hours in a single workweek. However, many of Plaintiff's working hours were not properly recorded or removed from Plaintiff's timesheets by Defendant.

22.     Defendant failed to pay Plaintiff overtime pay at the premium rate for all hours worked beyond 40 in a single workweek.

23.     As a result, Plaintiff often performed work beyond 40 hours in a single workweek for which he was not properly compensated.

24.     Instead of paying overtime wages, Defendant circumvented the FLSA by failing to pay Plaintiff overtime wages, even though Plaintiff habitually worked up to 55 hours a week or more.

25.     Plaintiff was not always paid time-and-a-half for all hours worked over forty (40) in any given week.

26.     As of this date, Plaintiff has still not been paid the entirety of his wages and has not been compensated for the full extent of his damages and wage loss under the FLSA.

27.     Defendant was aware that Plaintiff worked more than 40 hours in a single workweek but refused, failed, or neglected to compensate Plaintiff at the appropriate overtime rate.

28.    Defendant did not compensate Plaintiff at a rate of at least one-and-one half times her regular rate in order to extract additional work from Plaintiff without compensating Plaintiff for the additional work.

29.    Plaintiff seeks full compensation, including liquidated damages because Defendant's illegal conduct was a calculated attempt to extract additional work from Plaintiff to benefit Defendant.

30.    Defendant is a for-profit organization that operates and conducts business in, among others, Duval County, Florida, and is therefore, within the jurisdiction of the Court.

31.    Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff was an individual covered under the FLSA as he performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the healthcare services industry as Defendant operates as "CIS Group."

32.    Plaintiff routinely communicated with interstate clients, potential clients, employers, vendors, persons, and entities, who were located in states outside of Florida. Plaintiff communicated with out-of-state individuals and entities via email, telephone, and U.S. mail. Plaintiff did so in the regular course and scope of his employment and at Defendant's direct behest.

33.    Plaintiff routinely used products, tools, and materials that do not originate within the State of Florida.

34.    Plaintiff routinely utilized equipment that originated out-of-state. Plaintiff utilized items that arrived from out-of-state at Defendant's behest and request.

35.    This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs.  This

action is intended to include each and every hourly employee who worked for Defendant at any time within the past three (3) years.

36.     The Court has jurisdiction over Plaintiff's claims as all material events transpired in Duval, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

37.     At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).  Upon information and belief, including Plaintiff's experience with Defendant, as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the insurance industry.  Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

38.     Defendant advertises its services online, regularly orders goods and materials from out of state vendors, and communicates with employer and vendors located out of state.

39.     At all material times relevant to this action, Plaintiff in his capacity as an employee, was individually covered by the FLSA.  This would include to doing hourly work as a clerical worker, without managerial responsibility. Plaintiff did not bear supervisory responsibility for any other employees.  Plaintiff did not regularly direct the hiring and firing of any employees.  Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendant's in any way.  Plaintiff did not implement legal compliance measures.

40.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made

by Defendant to properly pay Plaintiff for all hours worked during his employment. Plaintiff worked over 40 hours per nearly every week during his employment with Defendant. The off the clock work that Plaintiff was directed to do was intentional and was designed to extract additional hours of labor out of Plaintiff for the benefit of the Defendant, who then refused to pay Plaintiff and those similarly situated premium wages. Notably, Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise weeks that Plaintiff worked more than 40 hours. Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

41.     Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's, and others similarly situated to her, true hours of work.

42.     During Plaintiff's employment, Plaintiff was regularly and routinely harassed by Defendant's employees on the basis of his gender.

43.     Plaintiff is a qualified male and is a member of a protected class due to his gender.

44.     Defendant employs more than 15 employees.

45.     During Plaintiff's employment with Defendant, Plaintiff's direct manager was Apryl French (female).

46.     On numerous occasions during Plaintiff's employment, Ms. French made unwanted and unrequited sexual advances and sexual attacks on Plaintiff because of Plaintiff's gender.

47.     Specifically, Ms. French routinely caressed Plaintiff's shoulders and lower back in a sexually charged manner.

48.    Ms. French routinely made sexual comments, statements, and innuendos to Plaintiff during his employment.

49.    Plaintiff objected to Ms. French's advances and Ms. French punished Plaintiff by assigning him additional work assignments.

50.    In 2018, Plaintiff complained to Defendant's human resources manager, Ms. Sharonda Washington, about Ms. French's unwelcome sexual advances, comments, and statements.

51.    Defendant did not investigate Plaintiff's complaints of sexual harassment by Ms. French.

52.    On March 4, 2019, Plaintiff was demoted from CIS Appraisal Team 4 to CIS appraisal Team 1.

53.    On March 22, 2019, Defendant's director, Victor Simon, threatened Plaintiff's employment and stated that Plaintiff could no longer make complaints if he were not employed by Defendant.

54.    On November 13, 2019, Plaintiff engaged in a protected activity by filing a charge of discrimination with the Equal Employment Opportunity Commission alleging gender discrimination and sexual harassment.

55.    On November 25, 2019, Plaintiff mailed a copy of the Charge of Discrimination to Defendant's human resources manager, Sharonda Washington and Plaintiff's direct supervisor, Victor Simon.

56.    On December 13, 2019, Plaintiff was terminated without cause and with extreme prejudice by Defendant for complaining about sexual harassment in the workplace. Plaintiff had no expectation of termination at the time he was terminated.

57.    Less than 18 months have passed since Plaintiff filed his Charge of Discrimination with the EEOC and, therefore, this action is timely.

## COUNT I – RECOVERY OF OVERTIME WAGES COMPENSATION

58.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-57 above with specific reference to Paragraphs 1-41.

59.    Plaintiff was entitled to be paid the premium wages for those hours worked over forty (40) in a single work week.

60.    During his employment with Defendant, Plaintiff regularly worked overtime hours each week in which he was not paid at the correct rate of pay.

61.    In Plaintiff's case, he routinely performed labor, at Defendant's specific request for the sole benefit of Defendant, and was not paid for the hours he worked.

62.    As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff his correct premium rate of pay for each hour worked beyond 40 in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

63.    As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages under Florida law, as well as liquidated damages under the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of minimum wages, overtime wages, and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

## COUNT II – SEXUAL HARASSMENT
## IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

64.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-57 above.

65.     Plaintiff is a qualified male and a member of a protected class due to his gender.

66.     During Plaintiff's employment with Defendant, Plaintiff's direct manager was Apryl French (female).

67.     On countless occasions during Plaintiff's employment, Ms. French made sexual advances, comments, and statements to Plaintiff.

68.     Ms. French routinely sexually caressed Plaintiff against his will while Plaintiff was working for Defendant.

69.     Plaintiff resisted and objected to the sexual advances of Ms. French, however, Ms. French continued his sexually predatory behavior.

70.     Ms. French sexually harassed and assaulted Plaintiff on numerous occasions because of Plaintiff's status as a male.

71.     The sexual harassment by Ms. French was severe and pervasive and affected the terms, conditions, and privileges of Plaintiff's employment.

72.     Plaintiff was damaged by Ms. French's sexual harassment.

## COUNT III – RETALIATION
## IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

73.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-57 above.

74.     Plaintiff is a qualified male and a member of a protected class due to his gender.

75.     During Plaintiff's employment with Defendant, Plaintiff's direct manager was Apryl French (female).

76.     On countless occasions during Plaintiff's employment, Ms. French made sexual advances, comments, and statements to Plaintiff.

77.     Ms. French routinely sexually caressed Plaintiff against his will while Plaintiff was working for Defendant.

78.     Plaintiff resisted and objected to the sexual advances of Ms. French, however, Ms. French continued her sexually predatory behavior.

79.     Ms. French sexually harassed and assaulted Plaintiff on numerous occasions because of Plaintiff's status as a male.

80.     The sexual harassment by Ms. French was severe and pervasive and affected the terms, conditions, and privileges of Plaintiff's employment.

81.     Plaintiff filed a Charge of Discrimination with the EEOC regarding Ms. French's sexual harassment.

82.     Plaintiff's Charge of Discrimination was a protected activity.

83.     Plaintiff mailed a copy of the Charge of Discrimination directly to Defendant's human resources director and Plaintiff's manager.

84.     Less than one month after mailing the Charge of Discrimination to Defendant, Defendant terminated Plaintiff's employment.

85.     Defendant terminated Plaintiff's employment because Plaintiff filed a a Charge of Discrimination against Defendant.

86.     But for Plaintiff filing a Charge of Discrimination, Defendant would not have terminated his employment.

87. Plaintiff was damaged by Defendant's termination of his employment.

Plaintiff demands trial by jury. Plaintiff also seeks back pay, front pay, compensatory damages, emotional damages, punitive damages, attorney's fees, costs, and any other relief the Court believes is appropriate.

DATED this 18th day of February, 2021.

**/S/ Kyle J. Lee**

Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 west Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com