UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL RAIA,                                       Case No: 3:21-cv-00298-MMH-JBT

    Plaintiff,

v.

CIS CLAIM SERVICES, LLC,[1]

    Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF AMENDED COMPLAINT WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Michael Raia, and Defendant, CIS Services, LLC (collectively, the "Parties"), pursuant to this Court's Order (D.E. 23), move for approval of the Parties' FLSA Settlement Agreement and Release attached hereto as Exhibit "A" (the "FLSA Settlement Agreement") pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and for dismissal of Plaintiff's Amended Complaint with prejudice.[2] This Agreement should be approved

---

[1] Plaintiff's original Complaint [Doc. 1-2] incorrectly identified the Defendant as "CIS CLAIM SERVICES, LLC." Plaintiff's Amended Complaint correctly identifies the Defendant as "CIS SERVICES, LLC," which was the entity that was Plaintiff's employer.

[2] The Parties submit that the Amended Complaint should be dismissed in its entirety, in light of the Parties' Joint Stipulation for Dismissal with Prejudice of Counts II and III of Plaintiff's Amended Complaint which has also been filed with the Court on this date.

because it represents a fair resolution of a bona fide dispute, as required by *Lynn's Food*. In support of this Motion, the Parties state as follows:

1. This action originated on March 15, 2021, when Defendant removed Plaintiff's lawsuit to this Court. Plaintiff filed an Amended Complaint on March 22, 2021 to correctly identify the Defendant as CIS SERVICES, LLC."

2. The Amended Complaint [Doc. 8] alleges claims arising out of Plaintiff's former employment with Defendant as an Insurance Claims Adjuster including Unpaid Overtime under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (FLSA) (Count I), Sexual Harassment under the Florida Civil Rights Act (FCRA) (Count II), and Retaliation under the FCRA (Count III). The Parties separately reached an agreement to settle Plaintiff's FCRA claims under Counts II and III, and have executed a separate Confidential Settlement Agreement and General Release regarding those claims and filed a Joint Stipulation for Dismissal with Prejudice of Counts II and III of Plaintiff's Amended Complaint. The Parties now seek the Court's approval of the settlement of Plaintiff's FLSA claim in Count I, and dismissal with prejudice of this lawsuit in its entirety.

3. Plaintiff's FLSA claim alleges Defendant employed Plaintiff and failed to pay him overtime wages as required by the FLSA.

4. Defendant denies that it violated the FLSA and denies that it owes

Plaintiff any wages. Defendant maintains that it had reasonable grounds to believe it was in compliance with the FLSA at all times, and that it acted in good faith and not in willful violation of the FLSA.

5. Defendant has identified several compelling defenses that could prohibit Plaintiff from recovering any amounts whatsoever, including that Plaintiff was properly classified as exempt from overtime wages under the FLSA and that Plaintiff was paid all amounts owed.

6. To avoid the risks and costs of protracted litigation, the Parties desire to resolve this action fully and finally with prejudice. After a full review of the facts and information, the Parties, who have been represented by experienced counsel at all times, agree that the negotiated terms of the FLSA settlement represent a fair, reasonable, and just compromise of disputed issues.

7. The FLSA settlement provides that Defendant will pay Plaintiff as follows:

- $5,000.00, less applicable withholdings, representing alleged back wages under the FLSA;
- $5,000.00, representing alleged liquidated damages under the FLSA;

8. In exchange for these payments, Plaintiff has agreed to dismiss his FLSA claim with prejudice.

9. The settlement also provides that Defendant will pay Plaintiff's counsel attorneys' fees and costs of $5,000.00. The attorney's fees and costs

were negotiated separately from the payments to be made to Plaintiff.

## MEMORANDUM OF LAW

In the context of a private lawsuit brought by a putative employee against a putative employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The district court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

A court should presume an FLSA settlement is fair and reasonable. *Zdun v. Virtu Cathedral Assocs., LLC*, No. 3:17-CV-579-J-39PDB, 2018 WL 3761024, at *3 (M.D. Fla. May 14, 2018) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)), *report and recommendation adopted,* No. 3:17-CV-579-J-39PDB, 2018 WL 3756968 (M.D. Fla. June 13, 2018). The factors for evaluating whether the settlement is fair include:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Id.* (citing *Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1531 (11th Cir. 1994)).

I. **The Settlement Agreement's Terms.**

The FLSA Settlement Agreement is attached as Exhibit A. Under the terms of the Agreement, Defendant will pay to Plaintiff the gross amount of $10,000.00 for his FLSA claim. The amount to be paid to Plaintiff fairly balances the monetary amounts at issue in the case with the inherent risks proceeding with litigation.

The Agreement also provides that Defendant will pay Plaintiff's counsel $5,000.00 in attorneys' fees and costs. These fees and costs were negotiated separately from the amount payable to Plaintiff under the Agreement, and the Parties stipulate this sum is reasonable considering the stage of proceedings and the work performed to date by Plaintiff's counsel.

II. **The Relevant Factors Show the Settlement Is Fair and Reasonable.**

As discussed above, Defendant denies that it owes Plaintiff any amounts, and Plaintiff acknowledges that these settlement amounts represent fair recoveries for his FLSA claim. The parties therefore believe they have reached a fair settlement.

The settlement involves no fraud or collusion. The proposed settlement arises from an action brought by Plaintiff against his alleged former employer, and this action was adversarial in nature. No fraud or collusion exists when both parties are represented by counsel and the amount paid to the plaintiff appears fair. *See, e.g., Helms v. Cent. Fla. Reg'l Hosp.*, No. 605-CV383-ORL-22JGG,

5

2006 WL 3858491, at *4 (M.D. Fla. Dec. 26, 2006) (considering the parties' representation by counsel in evaluating fairness of an FLSA settlement and finding no suggestion of collusion where the parties stipulated that the settlement was fair and reasonable). Here, each party was represented by experienced counsel. The undersigned counsel represent to the Court that there was no fraud or collusion.

The probability of success on the merits and the complexity, expense, and length of future litigation also favor settlement. This settlement is a reasonable means for the Parties to minimize future risk and litigation costs. The Parties agree that they have been able to properly evaluate the claims and that Plaintiff has at all times been represented by counsel. In agreeing to the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis of the claims. Counsel for Plaintiff and for Defendant believe the settlement to be fair and reasonable.

### III. Attorneys' Fees Were Negotiated Separately and Are Reasonable.

As part of the Parties' settlement, the attorneys' fees and costs to be paid to Plaintiff's attorney were negotiated separately from the amounts claimed by Plaintiff for his underlying FLSA claims and are not a function of any percentage of recovery. When a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does

not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

For all the above reasons, the Parties respectfully request this Court approve the FLSA Settlement Agreement attached as Exhibit "A" and dismiss Plaintiff's Amended Complaint in its entirety with prejudice, retaining jurisdiction to enforce the Settlement Agreement as necessary.

Dated this 4th day of October, 2021.

Respectfully submitted,

| | |
|---|---|
| */s/ Kyle J. Lee* . | */s/ Kristyne E. Kennedy* |
| Kyle J. Lee, Esq. | Kristyne E. Kennedy, Esq. |
| Florida Bar No. 105321 | Florida Bar No. 194700 |
| kyle@kyleleelaw.com | Danielle M. Simpson, Esq. |
| LEE LAW, PLLC | Florida Bar No. 1010871 |
| 1971 West Lumsden Road, Suite 303 | COLE, SCOTT & KISSANE P.A. |
| | 1900 Summit Tower Blvd |
| Brandon, Florida 33511 | Orlando Florida 32810 |
| Tel: (813) 343-2813 | Tel: (321) 972-0028 |
| *Counsel for Plaintiff* | Email:kristyne.kennedy@csklegal.com |
| | Email: danielle.simpson@csklegal.com |
| | Secondary e-mail: Susan.Powell@csklegal.com |
| | *Counsel for Defendant* |

7

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of October, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to Counsel of Record.

*/s/ Kyle J. Lee*