UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL RAIA,

    Plaintiff,

v.                                                CASE NO.  3:21-cv-298-JBT

CIS SERVICES, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the parties' Joint Motion for Approval of FLSA Settlement and Dismissal of Amended Complaint with Prejudice ("Motion") (Doc. 25).  For the reasons set forth herein, the Motion is due to be **GRANTED**, the FLSA Settlement Agreement and Release ("Settlement Agreement") (Doc. 25-1) is due to be **APPROVED**, and this action will be **DISMISSED with prejudice**.

**I.     Background**

Plaintiff filed the instant action seeking unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and for alleged violations of the Florida Civil Rights Act of 1992.[1]  (*See* Doc. 8.)  Plaintiff alleges that he was employed by Defendant as a non-exempt hourly-paid clerical employee, and routinely worked over forty hours per week.  (*Id.* at 1–2.)  Plaintiff

---

[1] The parties have reached a separate settlement agreement regarding Plaintiff's civil rights claims.  (Doc. 25 at 2.)

further alleged that Defendant refused to pay him one and one-half times his regular rate of pay for the overtime hours he worked, in violation of the FLSA. (*Id.*) Regarding his FLSA claim, Plaintiff sought compensatory damages, liquidated damages, attorney's fees, and costs. (*Id.* at 4.) The parties now request that the Court approve their settlement of Plaintiff's FLSA claim. (Doc. 25.)

## II.    Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement

in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In short, the settlement must represent "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[2]

In *Bonetti v. Embarq Management Co.*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

---

[2] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive."). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  Other cases from this district have indicated that when attorneys' fees are negotiated separately from the payment to a plaintiff, "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007).

### III.    Analysis

The Settlement Agreement provides that Defendant will "deliver to Lee Law, P.A. within five (5) days of the Court's approval of this settlement . . ." a total of $15,000, consisting of $10,000 to Plaintiff and $5,000.00 in attorney's fees and costs to Plaintiff's attorney.  (Doc. 25-1 at 2–3.)  The parties represent that Plaintiff's attorney's fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff.  (Doc. 25 at 6.)

Upon review, the Court finds that the Settlement Agreement represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA.  *See Lynn's Food*, 679 F.2d at 1355.  Moreover, the parties reached the proposed Settlement Agreement through mediation and Plaintiff is represented by counsel. (*See* Doc. 22.)  Thus, the Court finds that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food*, 679 F.2d at 1354.

Regarding fees and costs, the ultimate issues pursuant to *Silva* are "both that counsel is compensated adequately and that no conflict of interest taints the

4

amount the wronged employee recovers." 307 F. App'x at 351. Moreover, the Court need not conduct an in-depth analysis of the reasonableness of the attorney's fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of attorney's fees and costs to be paid to their counsel. *See King*, 2007 WL 737575, at *4.

As noted above, the parties represent that Plaintiff's attorney's fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff. (Doc. 25 at 6.) Additionally, there is no reason to believe Plaintiff's recovery was adversely affected by the agreed-upon fees and costs. Although Plaintiff's counsel did not submit time and cost records, the amount does not appear unreasonable on its face, and it appears that counsel is being adequately compensated for his work. Thus, both aspects of the *Silva* attorneys' fee inquiry are satisfied.[3]

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 25**) is **GRANTED**.

2. The Settlement Agreement (**Doc. 25-1**) is **APPROVED**.

3. This action is **DISMISSED with prejudice**.

4. The Clerk of Court is directed to terminate any pending motions and

---

[3] Since the Court is not conducting an in-depth analysis of the reasonableness of the fees and costs, this case provides no precedent for a case in which such an analysis is required.

close the file.

    **DONE AND ORDERED** in Jacksonville, Florida, on October 27, 2021.

                                      */s/ Joel B. Toomey*
                                      JOEL B. TOOMEY
                                      United States Magistrate Judge

Copies to:

Counsel of Record